UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN CLIFFORD ROMINE | CIVIL ACTION NO. 6:12-cv-0813 |
| VS. | SECTION P |
| ALBERT BABINEAUX AND | JUDGE RICHARD T. HAIK, SR. |
| HERPENS ANDRE | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

*Pro se* plaintiff John Clifford Romine, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 29, 2012. Plaintiff is a pre-trial detainee housed in the Lafayette Parish Corrections Center (LPCC) awaiting trial on a charge of second degree murder.  In his original complaint he alleged that he was the victim of excessive force when Dys. Albert Boudreaux and Herpens Andre improperly extracted him from his maximum security cell on December 14, 2011. He also complained that he received inadequate medical attention for the injuries he sustained in the affray.  Plaintiff sued Boudreaux and Andre and prayed for compensatory and punitive damages.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rules of Civil Procedure (FRCP) Rules 4(m) and  41(b).

*Background*

On April 25, 2012 the undersigned completed the initial review authorized by 28 U.S.C. §§1915 and 1915A and directed service of process on the two named defendants, Boudreaux and Andre. [Doc. 8] On July 10, 2012 the summons were returned un-executed with the notation that neither Albert Boudreaux nor Herpens Andre are employed at LPCC. [Doc. 10-11] On August 23, 2012 plaintiff filed a motion to amend to substitute Albert Babineaux for Albert Boudreaux. [Doc. 14] That motion was granted on October 5, 2012 [Doc. 15] and plaintiff was provided the necessary summons forms and directed to serve Babineaux. [Doc. 15-16] On November 20, 2012 the summons directed to Babineaux was returned un-executed with the notation that the defendant no longer works for the Lafayette Parish Sheriff and that he provided no forwarding address. [Doc. 17]

Plaintiff's January 7, 2013 and February 6, 2013 requests for information concerning the whereabouts of defendants Babineaux and Andre were denied on March 11, 2013. [Docs. 18-20] Plaintiff has made no further contact with the Court since his February 6, 2013 correspondence.

*Law and Analysis*

FRCP Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Plaintiff filed his complaint on March 29, 2012 and it remained under review in accordance with

the provisions of 28 U.S.C. §§1915 and 1915A until April 25, 2012 when the Clerk of Court was directed to provide plaintiff with the necessary documents to effect service of process on the two named defendants. [Doc. 8] Summons were issued by the Clerk of Court on May 16, 2012 [Doc. 9] and were returned un-executed on July 10, 2012. [Doc. 10-11] As noted above, plaintiff then discovered that one of the defendants was named Babineaux and not Boudreaux and on October 18, 2012 summons were provided to him for service on that defendant. [Doc. 16] That summons was also returned un-executed on November 20, 2012.

It is clear that plaintiff is unable to locate and effect service of process on either of the defendants he sued herein. Further, it does not appear that he will be able to effect service in the near future. It is, of course, understood that plaintiff is a detainee proceeding pro se, nevertheless, "... *pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law ... [t]o hold that complete ignorance of Rule 4(j) [predecessor of Rule 4(m) ] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.'" *Asad v. Crosby*, 158 Fed. Appx. 166, 171 n. 4 (11th Cir.2005) (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5thCir.1988) (quotation and citation omitted).

Plaintiff, by virtue of his status as a *pro se* prisoner proceeding *in forma pauperis*, was not authorized to effect service of process until the undersigned completed initial review and ordered it. Nevertheless, a period of well in excess of the 120 day period provided by Rule 4(m) has elapsed since the dates that service of process was authorized and attempted. Further, based upon the plaintiff's recent correspondence it does not appear likely that he will be able to locate or serve either of his defendants in the near future.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims on motion of the

defendant "If the plaintiff fails to prosecute or to comply with these rules or a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Plaintiff has not complied with Rule 4(m) and it appears that he will be unable to effect service of process in the near future. He has not contacted the Court since February 2013 and it thus appears that he is unable to prosecute this civil action to conclusion. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rules 4(m) and 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See*, ***Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, June 28, 2013.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**